1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEWAYNE CARTER,                          No.  2:18-cv-0078 AC P

12                   Petitioner,

13         v.                                  ORDER

14    DEBBIE ASUNCION, Warden,[1]

15                   Respondent.

16

17         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.[2]

19         Examination of the in forma pauperis application reveals that petitioner is unable to afford

20    the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

21    28 U.S.C. § 1915(a).

22         The petition for writ of habeas corpus challenges petitioner's May 2014 murder

23    _____

24    [1]  A federal petition for writ of habeas corpus must name as respondent the state officer having
      custody of the petitioner.  See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254
25    Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004);
      Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Accordingly, Debbie
26    Asuncion, Warden of California State Prison, Los Angeles County (CSP-LAC), petitioner's place
      of incarceration, is substituted as respondent herein.
27    [2]  Petitioner's application to proceed in forma pauperis was included with his petition.  See ECF
      No. 1 at 16-8.  This court's subsequent order directing petitioner to submit such application or
28    pay the filing fee, ECF No. 8, is therefore inapplicable.

conviction and sentence to life imprisonment without the possibility of parole entered by the Sutter County Superior Court. Petitioner entered a guilty plea resulting, inter alia, in the prosecution dropping its pursuit of the death penalty. Petitioner now contends that his plea was not entered knowingly, intelligently or voluntarily. Petitioner asserts that the trial court failed to adequately consider petitioner's significant disabilities, including his TABE[3] score of 1.9, requiring that others use simple language, and read and speak slowly, when communicating with petitioner. See ECF No. 1 at 5-6, 21. In considering this claim, the California Court of Appeal, Third Appellate District affirmed petitioner's conviction, but noted that the prosecution had not completed its expert report regarding petitioner's intellectual disability status before petitioner entered his plea. See People v. Carter, 2016 WL 3411024, 2016 Cal. App. Unpub. LEXIS 4324 (Cal. App. June 14, 2016); petition for review denied August 24, 2016.

In an abundance of caution, the undersigned has reconsidered petitioner's request for appointment of counsel at this early stage of the proceedings. See ECF Nos. 7, 9. In light of the complexity of the legal and factual issues presented and the consequences involved in this case, the court determines that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Additionally, since petitioner may be entitled to relief in this habeas corpus action, the undersigned will direct the Clerk of the Court to serve respondent with the petition. At this time, the undersigned will not require respondent to file a response the petition. Instead, the court will set this matter for a status conference.

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner.

2. The Clerk of the Court is directed to serve a copy of the petition (ECF No. 1) and this order on the Federal Defender, Attention: Habeas Appointment.

3. Petitioner's appointed counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file.

---

[3] TABE is the standardized Test of Adult Basic Education.

1      4.  A status conference is set for May 16, 2018, at 10:00 a.m. in Courtroom 26.

2      5.  All parties shall appear at the status conference by counsel, either in person or

3 telephonically if arrangements are timely made with the undersigned's Courtroom Deputy,

4 Valerie Callen, at 916-930-4199.

5      6.  Seven (7) days prior to the conference, the parties shall file a joint status report, which

6 addresses the following matters:

7      a.  Whether petitioner will stand on the existing petition.

8      b.  Whether the parties anticipate filing any motions.

9      c.  Whether the parties anticipate a need to conduct discovery.

10      d.  Whether the parties anticipate a need for an evidentiary hearing.

11      7.  The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed

12 Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus

13 pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

14      IT IS SO ORDERED.

15 DATED: March 8, 2018

16                                   

17             ALLISON CLAIRE
            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28